# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 18, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CARDINAL HEALTH 110, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 12-0801**  (BOR Appeal No. 2046826)
             (Claim No. 2009069402)

**STACY R. PAINTER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cardinal Health 110, Inc., by Sean Harter, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Stacy R. Painter, by Marty Mazezka, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 7, 2012, in which the Board affirmed a December 23, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's April 6, 2011, decision denying Ms. Painter's request to reopen her claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Painter sustained multiple injuries when she slipped and fell while attempting to retrieve pharmaceutical supplies on July 14, 2008. On October 23, 2008, the claims administrator held the claim compensable for fracture of the greater trochanter and lumbar sprain/strain. On December 18, 2008, Joseph Grady, M.D., performed an independent medical evaluation. He found that Ms. Painter is at maximum medical improvement with regard to the two compensable conditions. On December 30, 2008, the claims administrator suspended temporary total disability benefits that had been previously granted based on Dr. Grady's independent medical evaluation.

1

On January 6, 2009, Joseph Yurigan, D.C., stated in a letter to Ms. Painter's attorney that he agrees with Dr. Grady's conclusion that Ms. Painter has reached maximum medical improvement with regard to the greater trochanter fracture and lumbar sprain/strain. However, he went on to state that Ms. Painter has a small central disc protrusion at L4-5 and suffers from an exacerbation of radiculitis, both of which are causally related to the July 14, 2008, injury and are preventing her from reaching maximum medical improvement. He then opined that Ms. Painter remains temporarily and totally disabled. On January 22, 2009, the claims administrator denied Ms. Painter's request to add lumbar disc displacement as a compensable component of the claim. Also on January 22, 2009, the claims administrator denied Ms. Painter's request for temporary total disability benefits based on a finding that the only compensable diagnoses in the claim are fracture of the greater trochanter and lumbar sprain/strain.

On September 25, 2009, Dr. Yurigan released Ms. Painter to return to work at regular duty. On October 25, 2010, the Office of Judges granted Ms. Painter's motion to dismiss her protest of the January 22, 2009, claims administrator's decision denying her request to reopen her claim for temporary total disability benefits. Also on October 25, 2010, the Board of Review added lumbar intervertebral disc displacement without myelopathy as a compensable component of the claim. The Board of Review relied on Dr. Yurigan's conclusion that a disc protrusion at L4-5 was preventing Ms. Painter from reaching maximum medical improvement. On March 4, 2011, Ms. Painter again filed a request to reopen her claim for temporary total disability benefits. On April 6, 2011, the claims administrator denied Ms. Painter's request to reopen her claim.

In its Order reversing the April 6, 2011, claims administrator's decision, the Office of Judges reopened the claim for temporary total disability benefits and authorized temporary total disability benefits from January 2, 2009, through March 3, 2009, and thereafter as supported by proper medical evidence. The Office of Judges further held that temporary total disability benefits should not be granted on or after September 25, 2009, which is the date that Dr. Yurigan released Ms. Painter to return to work at regular duty. Cardinal Health disputes this finding and asserts that Ms. Painter is not entitled to a reopening of her claim for temporary total disability benefits that is based on Dr. Yurigan's opinion because Dr. Yurigan is serving a federal prison sentence for healthcare fraud and tax evasion, which damages his credibility. Cardinal Health argues in the alternative that Ms. Painter's request to reopen her claim for temporary total disability benefits is barred by the doctrine of res judicata.

The Office of Judges found that the claims administrator initially closed the claim for temporary total disability benefits on the basis that fracture of the greater trochanter and lumbar sprain/strain were the only compensable components of the claim. With regard to Cardinal Health's argument that Dr. Yurigan's opinion is entitled to no evidentiary weight as a result of the criminal charges filed against him, the Office of Judges found that there is no indication that any of the criminal charges filed against Dr. Yurigan relate to the medical care that Ms. Painter received from him. Further, Cardinal Health argues that Ms. Painter's withdrawal of her protest of the January 22, 2009, claims administrator's decision and subsequent Office of Judges' Order granting her request to withdraw her protest serves to bar her March 4, 2011, request to reopen her claim for temporary total disability benefits pursuant to the doctrine of res judicata. The Office of Judges found that Ms. Painter's request to reopen her claim for temporary total

disability benefits is not barred by the doctrine of res judicata because Ms. Painter's instant request for temporary total disability benefits is not based on the same set of circumstances as her initial request since displacement of lumbar intervertebral disc was added as a compensable component of the claim following her initial request. The Board of Review reached the same reasoned conclusions in its decision of June 7, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum